## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DOREEN JANICE CURRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-CV-0673-CVE-JFJ** |
| | ) | |
| **ST. FRANCIS HOSPITAL and** | ) | |
| **RALPH T. BOONE, M.D,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court are plaintiff's complaint (Dkt. # 1) and motion for leave to proceed in forma pauperis (Dkt. # 3). Plaintiff, proceeding pro se, asserts a claim of medical malpractice against defendants Saint Francis Hospital and Ralph T. Boone, M.D. She alleges that Dr. Boone made an error during surgery and failed to notify her of the error. Dkt. # 1, at 1. The complaint states that all of the parties are citizens of Oklahoma for the purpose of diversity jurisdiction. Id. It appears that plaintiff is attempting to appeal a final ruling from the courts of the State of Oklahoma, and she claims that she is appealing the denial of a petition for certiorari issued by the Oklahoma Supreme Court on November 23, 2020. Id. at 3. The complaint states that plaintiff is seeking "medical compensation," but she does not allege an amount in controversy. Id. at 2.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors

Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").  The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue.  The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'"  1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

The Court has reviewed plaintiff's complaint and finds no basis to exercise jurisdiction over this case.  Plaintiff does not make any allegations that could be construed as a claim arising under federal law, and the Court cannot exercise federal question jurisdiction over this case.  Plaintiff also alleges that all of the parties are citizens of Oklahoma and the Court does not have diversity jurisdiction under 28 U.S.C. § 1332.  Even if the Court had subject matter jurisdiction, the Court has reviewed the publicly-available docket sheet from plaintiff's state court case, and the Oklahoma Court of Civil Appeals issued a decision affirming the lower court's decision granting summary judgment to Saint Francis Hospital and Dr. Boone.  The court found that plaintiff's surgeries took place in 2002, 2004, and 2009, and plaintiff's negligence claims were barred by the statute of limitations.  The Oklahoma Supreme Court denied plaintiff's petition for a writ of certiorari on November 23, 2020.  Plaintiff asserts the same claims in this case, and this Court lacks jurisdiction to hear an appeal of a final state court judgment.  Under the Rooker-Feldman doctrine, "federal district courts do not have jurisdiction to review state court judgments or claims inextricably

intertwined with them." <u>Bear v. Patton</u>, 451 F.3d 639, 641 (10th Cir. 2006).  Plaintiff has attached a "notice of appeal" to her complaint inviting this Court to exercise appellate jurisdiction over the denial of her claims in state court, and this Court plainly lacks jurisdiction to hear an appeal from a final state court judgment.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed for lack of subject matter jurisdiction** and plaintiff's claims are **dismissed with prejudice to refiling**.  A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 3) is **moot**.

**DATED** this 28th day of December, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE